IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROGER L. WHEELER, and ) <br> JUDITH A. WHEELER, ) <br>            Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CITIBANK, N.A., FAY SERVICING, ) <br> and STATEBRIDGE COMPANY, ) <br> ) <br>            Defendants. ) | Case No. 14-2524-JAR-TJJ |

## NOTICE AND ORDER TO SHOW CAUSE

TO PLAINTIFFS:

Plaintiffs Roger and Judith Wheeler, proceeding *pro se*, filed this action against Defendants Citibank, N.A., Fay Servicing, and Statebridge Company, in Johnson County, Kansas District Court, alleging seven federal and state law claims surrounding the foreclosure of their home. Defendant Citibank removed the case on October 16, 2014, and then filed a Motion to Dismiss (Doc. 6) on October 24, 2014. Citibank argues in its motion to dismiss that the seven claims set forth in the Petition fail to include sufficient factual allegations to state plausible claims for relief under Fed. R. Civ. P. 12(b)(6). Specifically, Citibank complains that there are no factual allegations about its specific conduct in the Petition. Plaintiff failed to file a response to the motion to dismiss and the time to do so has expired.[1] Under D. Kan. R. 7.4,

> Absent a showing of excusable neglect, a party or attorney who
> fails to file a responsive brief or memorandum within the time
> specified in D. Kan. Rule 6.1(d) waives the right to later file such
> brief or memorandum. If a responsive brief or memorandum is not
> filed within the Rule 6.1(d) time requirements, the court will

---

[1] *See* D. Kan. R. 6.1(d)(2) (requiring a response to a dispositive motion to be filed within twenty-one days).

consider and decide the motion as an uncontested motion.

As a result of Plaintiff's failure to respond, the Court may grant Defendants' motion to dismiss as uncontested.

Moreover, Plaintiffs bear the burden of alleging "enough facts to state a claim to relief that is plausible on its face."[2] Although a complaint filed by a *pro se* party proceeding *in forma pauperis* must be given a liberal construction,[3] even under this standard, a court need not accept as true those allegations that are conclusory in nature.[4] A *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."[5] Plaintiff has not alleged facts from which one could plausibly find liability on the seven claims listed in the Petition. The Petition contains no more than a formulaic recitation of claims without alleging non-conclusory supporting facts that could give rise to plausible claims.

The Court is mindful that "dismissal of a *pro se* complaint for failure to state a claim is proper where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[6] However, the Court need not allow an opportunity to amend if "it is patently obvious that the plaintiff could not prevail on the facts

---

[2]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (stating *Twombly* expounded the pleading standard for all civil actions); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (stating and applying *Twombly* standard for dismissing a complaint for stating no claim for relief).

[3]*Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[4]*Erickson v. Pawnee Cnty. Bd. of Cnty. Com'rs*, 263 F.3d 1151, 1154-55 (10th Cir. 2001).

[5]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[6]*Gee v. Pacheco*, 627 F.3d 1178, 1188 (10th Cir. 2010) (quotation marks and citations omitted).

alleged, and allowing him an opportunity to amend his complaint would be futile."[7]  "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[8]

**IT IS THEREFORE ORDERED BY THE COURT that Plaintiffs show cause in writing to this Court by December 1, 2014 why this case should not be dismissed with prejudice for failure to respond and for failure state a claim upon which relief may be granted and why amending the complaint would not be futile.**

IT IS SO ORDERED.

Dated: November 18, 2014

 S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE

---

[7] *See Hall*, 935 F.2d at 1109–10.

[8] *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).