## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ROGER L. WHEELER, and )
JUDITH A. WHEELER, )
           **Plaintiff,** )
     )
vs. )    **Case No. 14-2524-JAR-TJJ**
     )
CITIBANK, N.A., FAY SERVICING, )
and STATEBRIDGE COMPANY, )
     )
           **Defendants.** )

## MEMORANDUM AND ORDER

Plaintiffs Roger and Judith Wheeler, proceeding *pro se*, filed this action against

Defendants Citibank, N.A., Fay Servicing, and Statebridge Company, in Johnson County,

Kansas District Court, alleging seven federal and state law claims surrounding the foreclosure of

their home.  Defendant Citibank removed the case on October 16, 2014, and then filed a Motion

to Dismiss (Doc. 6) on October 24, 2014.  On November 18, 2014, the Court issued a Notice and

Order to Show Cause ("OSC") to Plaintiffs why the case should not be dismissed for failure to

timely respond to the motion, and for failure to state a claim upon which relief may be granted.

Plaintiffs submitted a response to the OSC on December 1, 2014, which the Court now considers

in ruling on Defendant Citibank's Motion to Dismiss.

Under D. Kan. Rule 7.4,

> Absent a showing of excusable neglect, a party or attorney who
> fails to file a responsive brief or memorandum within the time
> specified in D. Kan. Rule 6.1(d) waives the right to later file such
> brief or memorandum. If a responsive brief or memorandum is not
> filed within the Rule 6.1(d) time requirements, the court will
> consider and decide the motion as an uncontested motion.
> Ordinarily, the court will grant the motion without further notice.

In the response to the OSC, Plaintiffs state that "we tried [to respond] with their Attorneys," and questioned whether it was necessary to respond to the Court or to opposing counsel.  The local rules make clear that a motion to dismiss requires a response.  A *pro se* litigant is not excused from complying with the rules of the court, and is subject to the consequences of noncompliance.[1]  Because Plaintiffs have provided the Court with no just cause for failing to respond to Citibank's motion to dismiss, it may be granted as unopposed.

Moreover, Plaintiffs bear the burden of alleging "enough facts to state a claim to relief that is plausible on its face."[2]  Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[3]  The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully,"[4] but requires more than "a sheer possibility."[5]

The plausibility standard enunciated in *Bell Atlantic Corp. v. Twombly*[6] seeks a middle ground between heightened fact pleading and "allowing complaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' which the Court

---

[1]*Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (insisting that *pro se* litigants follow procedural rules and citing various cases dismissing *pro se* cases for failure to comply with the rules)).

[2]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (stating *Twombly* expounded the pleading standard for all civil actions); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (stating and applying *Twombly* standard for dismissing a complaint for stating no claim for relief).

[3]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[4]*Iqbal*, 556 U.S. at 678.

[5]*Id.*

[6]550 U.S. 544 (2007).

stated 'will not do.'"[7]  *Twombly* does not change other principles, such as that a court must accept all factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[8]

Although a complaint filed by a *pro se* party proceeding *in forma pauperis* must be given a liberal construction,[9] even under this standard, a court need not accept as true those allegations that are conclusory in nature.[10]  A *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."[11]  In its OSC, the Court found that the Petition contains no more than a formulaic recitation of claims without alleging non-conclusory supporting facts that could give rise to plausible claims.

In their response to the OSC, Plaintiffs attach seventeen pages of documents, and state that "[i]t can be easily proved that Citibank cannot be contacted regarding a problem with any mortgage they own."  Plaintiffs also plead for a written explanation of certain charges attached to their mortgage.  The Court is unable to find that Plaintiffs' response sufficiently cures the deficiencies in the original pleading.

Under Plaintiffs' statement of claim, they list: (1) breach of the implied duty of good faith and fair dealing; (2) violations of the Real Estate Settlement Procedures Act ("RESPA"); (3) violations under the Federal and Kansas credit reporting acts; (4) breach of contract; (5) violating the statute that the mortgagor must be notified regarding transfers and hearing; (6)

---

[7]*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

[8]*Id.* (citing *Twombly*, 550 U.S. at 556).

[9]*Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[10]*Erickson v. Pawnee Cnty. Bd. of Cnty. Com'rs*, 263 F.3d 1151, 1154–55 (10th Cir. 2001).

[11]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

forcing undue financial and emotional pressure on Plaintiffs; and (7) "Defendants cause for a foreclosure sale was originally based on a three month period where payments had been made (for the second time). No new notice of change sent to us."

Plaintiffs first cause of action is for breach of the implied duty of good faith and fair dealing.[12] It appears from the attachments submitted with Plaintiffs' response, that perhaps Citibank previously serviced the subject mortgage. Yet, Citibank's conduct is never specifically described in the Complaint. Plaintiffs claim that Defendants violated RESPA, as well as several other unnamed statutes, but again, the Complaint contains no further explanation about how these statutes apply, or the particular statutory violations by Citibank.

When a claim is asserted against multiple defendants, the plaintiff must "'make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her.'"[13] The Court is unable to find that the Complaint in this case places Citibank on notice of the basis of the claims against it, as opposed to the other named defendants.

The Court is mindful that "dismissal of a *pro se* complaint for failure to state a claim is proper where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[14] However, the Court need not allow an opportunity to amend if "it is patently obvious that the plaintiff could not prevail on the facts

---

[12]*See Bank of Am., N.A. v. Narula*, 261 P.3d 898, 917 (Kan. Ct. App. 2011) ("The duty includes not intentionally and purposely to do anything to prevent the other party from carrying out his part of the agreement, or to do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." (quotation omitted)).

[13]*Smith v. United States*, 561 F.3d 1090, 1104 (10th Cir. 2009) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008)).

[14]*Gee v. Pacheco*, 627 F.3d 1178, 1188 (10th Cir. 2010) (quotation marks and citations omitted).

alleged, and allowing him an opportunity to amend his complaint would be futile."[15]  "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[16] The Court has provided Plaintiffs with notice and an opportunity to amend the complaint.  The response to this OSC does not contain a proposed amended pleading, nor does it more fully set forth facts that plausibly give rise to the claims asserted in the Complaint.  Therefore the Court finds that this case must be dismissed in its entirety with prejudice.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Citibank's Motion to Dismiss (Doc. 6) is **granted**.  Citibank is hereby dismissed with prejudice.

**IT IS SO ORDERED**.

Dated: December 9, 2014

 S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE

---

[15]*See Hall*, 935 F.2d at 1109–10.

[16]*Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).